## QUAPAW MINING CORPORATION et al. v. GREEN et al.

No. 23858. Opinion Filed Dec. 20, 1932.

Ray McNaughton, A. G. Croninger, and J. Fred Swanson, for petitioners.

Commons & Chandler, for respondents.

HEFNER, J. This is an original proceeding in this court by the Quapaw Mining Corporation and the United States Fidelity & Guaranty Company to review an order of the Industrial Commission awarding compensation to Loren Green.

The record shows that claimant received an injury to his back from a fall in a chat elevator March 25, 1925, while in the employ of petitioner mining corporation. A settlement was made between the parties for temporary total disability, whereby claimant received the sum of $165. This settlement was approved by the Commission July 13, 1925. On March 19, 1932, claimant filed motion to reopen the case and prayed for additional compensation because

of change in condition. When this motion was heard, the Commission found there had been a change in condition since the prior award and allowed additional compensation.

The only errors assigned by petitioners are as follows:

"Said findings and award should be vacated and reversed for two reasons: First, that there was no competent evidence of a change of condition, and the Commission, therefore, was without jurisdiction to reopen said cause; second, that there was no competent evidence that claimant's alleged disability was due to the original injury."

The evidence shows that, after entering into the settlement for temporary total disability, claimant returned to work for petitioner mining corporation and remained two or three months. Sometime thereafter he went to work for the California Mining Company and remained with it about six months, leaving it sometime in 1930, for the reason that he was no longer able to work; and during all the time he worked, after date of prior settlement, his condition gradually grew worse, and he was at this time unable to do manual labor. Dr. Hampton testified that he examined claimant in March, 1925, and again in 1932, and found his condition worse in 1932 than in 1925. His testimony, in part, is as follows:

"Q. Doctor, taking into consideration your first examination and treatment of this man after his injury in March, 1925, taking into consideration his history, and also taking into consideration the X-ray finding, as noted by you, do you have an opinion as to whether or not his present condition is attributable to his injury of March 25th? A. Yes, sir. Q. What is that opinion? A. My opinion is the injury he had then started this degeneration, the trouble in the vertebrae, changed his condition by various aggravations, when he would attempt to exert himself. * * * Q. Doctor, you testified you treated the claimant and examined the claimant, what is your opinion as to whether or not the claimant has suffered any permanent partial disability as a result of the injury? A. I think he has."

There is other evidence in the record which shows that claimant's condition is worse than at the time the settlement was made and approved by the Commission, and also that his condition is due to the original injury. The evidence is sufficient to sustain the order of the Commission.

Petition to vacate is denied.

CLARK, V. C. J., and RILEY, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.